**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **ORLANDO CRUZ, JR. AND YVONNE M. CRUZ,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **CIVIL ACTION NO. 7:18-cv-00001** |
| **JPMORGAN CHASE BANK, N.A. AND ARNOLD MENDOZA, AS SUBSTITUTE TRUSTEE,** | § § § § | |
| **Defendants.** | § | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S**
**NOTICE OF REMOVAL**

Defendant JPMorgan Chase Bank, N.A. ("JPMC") files its Notice of Removal of this action from County Court at Law No. 5, Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, the District and Division encompassing the place where the state court is located.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, JPMC shows the Court as follows:

1.     On December 1, 2017, Orlando Cruz, Jr. and Yvonne M. Cruz ("Plaintiffs") filed Plaintiffs' Original Petition and Request for Temporary Restraining Order and Temporary Injunction (the "Complaint") in County Court at Law No. 5, Hidalgo County, Texas, styled *Orlando Cruz, Jr. and Yvonne M. Cruz v. JPMorgan Chase Bank N.A. and Arnold Mendoza, as Substitute Trustee*, where it was assigned Cause No. CL-17-4913-E.

2.     Removal is timely because thirty (30) days have not elapsed since any defendant was formally served with a summons or citation.  28 U.S.C. §1446(b)(1); *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date). In fact, citation was not properly served on JPMC's registered agent, C T Corporation System, in accordance with Texas Civil Practice and Remedies Code 17.028(b).

3.    JPMC is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of County Court at Law No. 5, Hidalgo County, Texas, and will serve a copy of the Notice of Removal on Plaintiffs.

4.    In accordance with Local Rule 81, copies of all processes, pleadings, orders signed by the state judge, a copy of the state docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto collectively as Exhibit "A." JPMC has also filed contemporaneously with this document a civil cover sheet.

## GROUND FOR REMOVAL: DIVERSITY

5.    This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

    **(a)    The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6.    Plaintiffs seek "monetary damages of over $100,000.00 but not more than $200,000.00 and also non-monetary relief." *See* Ex. A-3 at § II. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

    **(b)    Complete diversity exists between Plaintiffs and the properly joined defendant.**

7.    Plaintiffs were at the time of the filing of this action, have been at all times since, and are still individual resident citizens of the State of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment to which he has the intention of returning whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiffs are citizens of Texas.

8.    For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located.  *See Wachovia Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006).   JPMC is a national association with its main office, as designated by its articles of association, in Columbus, Ohio.  Accordingly, JPMC was at the time of the filing of this action, has been at all times since, and is still a citizen of Ohio.

### (c)    Defendant Arnold Mendoza, as substitute trustee, was improperly joined.

9.    Defendant Arnold Mendoza, as substitute trustee ("Mendoza"), was improperly joined and, therefore, his citizenship should be disregarded for purposes of diversity jurisdiction.

10.    It is well-established that the citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990).  Improper joinder is established by showing actual fraud in pleading jurisdictional facts or the plaintiff's inability to establish a cause of action against the non-diverse defendant.  *See Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).  When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint

states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

11.    Substitute trustee Mendoza was improperly joined to defeat diversity jurisdiction because Plaintiffs cannot and do not establish a single cause of action against him.  In fact, Plaintiffs' only allegations concerning Mendoza are that: (1) the defendants failed to provide written notice of default as required under the Texas Property Code;  (2) the "Defendants failed to provide Plaintiffs the right to cure period;"  and (3) "Defendants have not made a due diligent effort to allow [sic] to bring the account current."  Plaintiffs fail to allege facts that would demonstrate any right to relief against Mendoza.

12.    Mendoza has no obligation to provide any notice of default or opportunity to cure under the deed of trust or Texas Property Code section 51.002.  Instead, the Texas Property Code section 51.002(d) provides that a mortgage servicer—not a deed of trust trustee—must serve written notice of default on a debtor in certain circumstances.

13.    Similarly, Plaintiffs' general allegation that Mendoza has failed to make a due diligent effort to allow the Plaintiffs to bring their mortgage account current fails to demonstrate any plausible claim for relief against Mendoza, who is merely a trustee under the subject deed of trust.

14.    Finally, Plaintiffs seek against Mendoza injunctive relief to prevent him from selling the Property at a foreclosure sale.  Mendoza was named in his capacity as substitute trustee and is not a necessary party to this suit.  *See* Tex. Prop. Code § 51.007.  Accordingly, for purposes of determining diversity jurisdiction, Mendoza's citizenship should be disregarded because he was improperly joined.

15.    Mendoza's consent to this removal is not required because, as discussed above, he was improperly joined.  *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007)  ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

16.    Accordingly, because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper.

WHEREFORE, JPMC prays that the above-described action now pending in County Court at Law No. 5, Hidalgo County, Texas be removed to this Court.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
KODIE P. BENNION, of counsel
Texas Bar No. 24064882
S.D. Bar No. 1716637
**QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.**, of counsel
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
kbennion@qslwm.com

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

This is to certify that on January 2, 2018, a true and correct copy of the foregoing pleading has been furnished to Plaintiffs via email and certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure.

Juan Angel Guerra
Law Office of Juan Angel Guerra
1021 Fair Park
Harlingen, Texas 78550
*Attorney for Plaintiffs*

 */s/ Kodie P. Bennion*
Wm. Lance Lewis / Kodie P. Bennion