UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ORLANDO CRUZ JR., *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-1 |
| | § | |
| JPMORGAN CHASE BANK, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION

The Court now considers the motion to dismiss filed by JPMorgan Chase Bank, N.A. ("JPMorgan").[1] The motion is unopposed as Orlando Cruz, Jr. and Yvonne M. Cruz ("Plaintiffs") failed to file a response.[2] After duly considering the record and relevant authorities, the Court **GRANTS** the motion to dismiss.

### I. Background

Plaintiffs allege that they executed a promissory note ("Note"), secured against real property located at 1403 North Taylor Rd., Mission, Texas 78572 ("the Property").[3] Plaintiffs explain that they made required payments for an unspecified amount of time, but "due to unexpected circumstances, Plaintiffs stayed behind on a few payments."[4] Plaintiffs contend that they "never received a demand letter . . . putting Plaintiffs on notice of demand for late payments or intent to accelerate if not cured."[5] Plaintiffs further assert that they "were not allow [their] legal right to cure" and that JPMorgan "ha[s] not made a due diligent effort to allow [Plaintiffs]

---

[1] Dkt. No. 5.
[2] LR 7.3–7.4 of the Local Rules for the Southern District of Texas (providing that failure to respond within twenty-one days renders a motion unopposed).
[3] Dkt. No. 1-1, at p. 10.
[4] *Id.*
[5] *Id.* at p. 11.

to bring the account current[,] despite the fact that Plaintiffs ha[ve] tried to make the the[ir] payment[s]."[6] Plaintiffs explain that the property was scheduled for foreclosure on December 5, 2017.[7]

On December 1, 2017, Plaintiffs filed suit in state court against JPMorgan and Arnold Mendoza as substitute trustee ("Defendants"), without generally distinguishing Defendants from each other. Following the "Facts" section, the live pleading provides the following categories: (1) Pre-Foreclosure Loss Mitigation Review Period, (2) The Breach Letter, (3) Notice of Default and Intent to Accelerate, and (4) Waiver of Acceleration of the Note in Accepting Plaintiffs' Late Payments, and (5) Temporary Restraining Order.[8] In the subsequent "Relief Requested" section, Plaintiffs further seek a temporary injunction.[9] Plaintiffs request injunctive relief generally to enjoin Defendants from taking any steps to foreclose on the Property.[10] The temporary restraining order was granted in state court,[11] and JPMorgan subsequently removed the case to this Court, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[12] Thereafter, JPMorgan filed the instant motion to dismiss.

## II. Legal Standard

The general rule is that "in deciding whether to grant a motion to dismiss, a district court may not go outside the complaint."[13] However, there is an exception that "a district court may consider documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim."[14] Here, JPMorgan attached the applicable

---

[6] *Id.*
[7] *Id.* at p. 10.
[8] *Id.* at pp. 11–14.
[9] *Id.* at p. 14.
[10] *Id.* at pp. 13–14.
[11] *Id.* at pp. 23–24.
[12] Dkt. No. 1, at ¶ 5.
[13] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (internal quotation marks and citation omitted).
[14] *Id.* (citation omitted).

Homestead Lien Contract and Deed of Trust that it entered into with Plaintiffs concerning the Property.[15] Plaintiffs referred to the document,[16] and same is central to Plaintiffs' claims because this suit alleges among other things that JPMorgan breached an agreement with Plaintiffs under the Deed of Trust. As a result, the Court may consider the attached document during its analysis of the motion to dismiss.

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[17] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[18] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[19] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[20]

Pursuant to Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[21] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[22] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[23] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[24] As the Supreme Court recently clarified, the plausibility

---

[15] Dkt. No. 5-1, at pp. 3–7.
[16] Dkt. No. 1-1, at p. 10.
[17] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)) *cert. denied*, 552 U.S. 1182 (2008) (quotation marks omitted).
[18] *Twombly*, 550 U.S. at 555.
[19] *Id.*
[20] *In re Katrina Canal*, 495 F.2d at 205 (quoting *Twombly*, 550 U.S. at 555).
[21] 556 U.S. 662 (2009).
[22] *See id.* at 678–79.
[23] *See id.* at 679–80.
[24] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

standard concerns the factual allegations of a complaint; the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[25]

III. Discussion

a. "Pre-Foreclosure Loss Mitigation Review Period"

Plaintiffs state as follows: "Under the Federal Consumer Financial Protection Bureau servicing rules that went into effect January 10, 2014, the mortgage servicer must wait until Plaintiffs are more than 120 days delinquent on payments before making the first official notice of filing for any non-judicial or judicial foreclosure."[26] The Court's independent research reveals that Plaintiffs are referencing 12 C.F.R. § 1024.41(f). Plaintiffs do not provide the relevant dates of when they became delinquent on payments or when JPMorgan made its first official notice of filing for foreclosure. Instead, Plaintiffs assert in a conclusory manner that that § 1024.41(f) was violated.

Furthermore, § 1024.41(f) is only enforceable via 12 U.S.C. § 2605(f), which requires that the plaintiff suffer actual damages, or otherwise establish a pattern or practice of the defendant's non-compliance.[27] Here, the pleadings suggest that any damages Plaintiffs might suffer (in the form of foreclosure) would be the result of failing to pay overdue mortgage bills with the knowledge that such failure could result in foreclosure. Plaintiffs merely assert that they have suffered actual damages for mental anguish and loss of credit.[28] The original petition does not provide any support for the allegation that Plaintiffs have or will suffer loss of credit, and

---

[25] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346–47.
[26] Dkt. No. 1-1, at p. 11.
[27] *See Waites v. LLP Mortg. Ltd & MGC Morg., Inc.*, 2015 WL 11120993, at *2 (N.D. Tex. June 19, 2015); *Hurd v. BAC Home Loan Serv., L.P.*, 880 F. Supp. 2d 747, 768 (N.D. Tex. Mar. 29, 2012); *Oden v. JPMorgan Chase Bank, N.A.*, 2012 WL 1610782, at *2 (S.D. Tex. May 8, 2012); *Akitunji v. Chase Home Finance, L.L.C.*, 2011 WL 2470709, at *2 (S.D. Tex. June 20, 2011).
[28] Dkt. No. 1-1, at p. 14.

generally alleging mental anguish is insufficient to find that § 1024.41(f) is satisfied here. For these reasons, Plaintiffs are unable to state a claim upon which relief can be granted pursuant to § 1024.41(f).

  b. **"The Breach Letter"**

The live pleading contains a section entitled "The Breach Letter," which provides that "Texas deeds of trust contain a clause that requires the lender to send notice, which is often called a breach of demand letter, informing Plaintiffs that their loan is in default before it can accelerate the loan and proceed with foreclosure."[29] As a preliminary matter, within this section of the live pleading, Plaintiffs are self-contradicting. The basis of their claim is seemingly that JPMorgan did not send a "Breach Letter," but Plaintiffs subsequently assert that "[t]he breach of contract letter is coming from the wrong party, i.e.[,] a party which has no standing to send the letter in that it is not the present owner."[30] This is quite an inconsistency. Additionally, since JPMorgan is the party that executed the Deed of Trust with Plaintiffs,[31] the allegation concerning standing makes absolutely no sense. Nevertheless, the Court turns to its analysis of this particular claim.

Insofar as a breach of contract claim was intended under this self-styled cause of action, it also fails. To prevail on a breach of contract claim under Texas law, a plaintiff must demonstrate "(1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[32] Any breach of contract claim here would presumably arise from a breach of the Note and Deed of Trust as this is a pre-emptive foreclosure lawsuit. The Fifth Circuit has explained that "a claim

---

[29] *Id.* at p. 11.
[30] *Id.* at p. 12.
[31] Dkt. No. 5-1, at p. 3 (providing that Plaintiffs and JPMorgan entered into a "Homestead Lien Contract and Deed of Trust").
[32] *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

for breach of a note and deed of trust must identify the specific contractual provision in the contract that was breached."[33] Plaintiffs not only fail to identify the specific contractual provision that was breached, but they also acknowledge their failure to perform under the Note by missing payment deadlines. Additionally, Plaintiffs do not specify what damages they suffered and how those damages were caused by a breach of contract. As a result, Plaintiffs are unable to establish a breach of contract claim.

### c. "Notice of Default and Intent to Accelerate"

Plaintiffs further state:

> Texas law requires that the lender/servicer must send the borrower a notice of default and intent to accelerate by certified mail that provides at least 20 days to cure the default before notice of sale can be given. The notice must be sent to borrower's last known address and must include the amount due and the date it must be paid. Defendants did not comply with said requirement pursuant to the Texas Property Code[.][34]

Indeed § 51.002(d) of the Texas Property Code provides that "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . on real property used as the debtor's residence with written notice . . . that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given[.]"[35] If the debtor does not cure the default within twenty days, "the mortgage servicer must provide notice of sale pursuant to procedures specified in the Texas Property Code at least 21 days before the date of sale."[36] Plaintiffs assert that "[f]rom information and belief, Defendants did not comply with the requirements pursuant to the Texas Property Code."[37]

---

[33] *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 238 (5th Cir. 2014).
[34] Dkt. No. 1-1, at p. 12.
[35] Tex. Prop. Code Ann. § 51.002(d) (West).
[36] *Suarez v. Ocwen Loan Servicing, LLC*, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) (citing Tex. Prop. Code Ann. § 51.002(b) (West)).
[37] Dkt. No. 1-1, at p. 12.

Ultimately, even if notice of default was not provided to Plaintiffs, "[f]ailure to comply with Texas Property Code §§ 51.002(b) and (d) does not provide [a] [p]laintiff with a cause of action prior to an actual foreclosure sale."[38] Rather, "because §[§] 51.002(b) and (d) set notice requirements based on the date of sale, a plaintiff can only bring a cause of action under either provision if she alleges that a sale has occurred."[39] More specifically, "[w]here a Temporary Restraining order is issued preventing [a] [d]efendant from conducting a foreclosure sale, [a] [p]laintiff . . . fail[s] to allege a § 51.002 claim upon which relief can be granted unless a subsequent foreclosure sale occurs."[40]

Here, the state court issued a temporary restraining order preventing Defendants from foreclosing on the Property. Moreover, Plaintiff has provided no evidence that Defendants have subsequently foreclosed on the Property. Accordingly, this cause of action also fails to state a claim upon which relief can be granted.

The Court also notes that although this form petition typically provides a separate section for addressing the National Mortgage Settlement ("NMS"), Plaintiffs embedded their claim for an alleged violation of the NMS in the section addressing notice of default and intent to accelerate. Indeed, Plaintiffs assert that JPMorgan "has not made a due diligent effort to allow Plaintiffs to bring the account current within Plaintiffs' financial needs, in spite of their bona fide efforts and offers to pay."[41] The NMS is a consent decree entered into between five large banks and certain governmental entities.[42] However, district courts throughout Texas have held that this

---

[38] *Suarez*, 2015 WL 7076674, at *3 (citing *Crucci v. Seterus, Inc.*, 2013 WL 6146040, at *3 (W.D. Tex. Nov. 21, 2013)).
[39] *Suarez*, 2015 WL 7076674, at *3 (quoting *Landry v. Wells Fargo Home Mortg., Inc.*, 2013 WL 5278497, at *3 (W.D. Tex. Sept. 18, 2013)).
[40] *Suarez*, 2015 WL 7076674, at *3 (citing *Landry*, 2013 WL 5278497, at *4).
[41] Dkt. No. 1-1, at p. 12.
[42] *Id*.

consent decree does not give rise to a private cause of action.[43] Moreover, the Fifth Circuit and other courts have determined that borrowers have no standing to pursue NMS claims,[44] specifically because the consent decree constituted an agreement between banks and governmental entities, and is thus only enforceable by those particular parties. Thus, Plaintiffs have no standing to pursue a claim under the NMS, and therefore, no such claim against JPMorgan survives the Rule 12(b)(6) legal standard.

### d. "Waiver of Acceleration of the Note in Accepting Plaintiffs' Late Payments"

Plaintiffs further assert that JPMorgan "has established a course of dealing with Plaintiffs of accepting said Plaintiffs' late payments."[45] Plaintiffs do not offer any substantive arguments in support of this cause of action, instead providing summaries of Texas cases examining the consequences of a mortgagee accepting late payments.[46] The Fifth Circuit has provided an overview of Texas law for situations such as the instant case, where it is alleged that a mortgagee has accepted late mortgage payments:

> Under Texas law, a party may waive a contractual right by intentionally relinquishing it or by engaging in conduct inconsistent with that right. A lienholder may waive the right to accelerate or foreclose though inconsistent conduct such as repeatedly accepting late payments. However, Texas courts have also made clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose. Nor does a mortgagor waive its right to foreclose by declining to pursue alternative contractual remedies.[47]

---

[43] *Reyes v. Wells Frago Bank, N.A.*, 2016 WL 6915269, at *5 (N.D. Tex. Oct. 19, 2016), report and recommendation adopted, 2016 WL 6893722 (N.D. Tex. Nov. 23, 2016); *Carey v. Fargo*, 2016 WL 4246997, at *6 (S.D. Tex. Aug. 11, 2016); *Reynolds v. Bank of Am., N.A.*, 2013 WL 1904090, at *10 (N.D. Tex. May 8, 2013); *Owens v. Bank of Am., N.A.*, 2012 WL 912721, at *3 (S.D. Tex. Mar. 16, 2012).
[44] *See e.g., Shatteen v. JP Morgan Chase Bank, N.A.*, 519 Fed. Appx. 320 (5th Cir. 2013); *Wolf v. Bank of Am., N.A.*, 2014 WL 12633677, at *5 (E.D. Tex. Sept. 30, 2014, aff'd sub nom. *Wolf v. Bank of Am. Nat. Ass'n*, 630 Fed. Appx. 354 (5th Cir. 2016); *Reyes*, 2016 WL 6915269, at *5 (N.D. Tex. Oct. 19, 2016), report and recommendation adopted, 2016 WL 6893733 (N.D. Tex. Nov. 23, 2016); *Carey*, 2016 WL 4246997, at *6 (S.D. Tex. Aug. 11, 2016).
[45] Dkt. No. 1-1, at pp. 12–13.
[46] *Id.*
[47] *Watson v. CitiMortgate, Inc.*, 530 Fed.Appx. 322, 326 (5th Cir. 2013).

Here, the contractual agreement between the parties expressly provides a non-waiver clause: "**NON-WAIVER.** A waiver by any party of a breach of a provision of this Homestead Lien Contract shall not constitute a waiver of or prejudice the party's right otherwise to demand strict compliance with that provision or any other provision."[48] As a result, acceptance of late payments by itself does not constitute a waiver by JPMorgan of its contractual rights with Plaintiffs, and therefore, Plaintiffs are unable to state a claim as to waiver.

      e.    **Injunctive Relief**

As previously noted, the temporary restraining order was granted in state court, thus leaving the temporary injunction as the remaining injunctive relief requested by Plaintiffs. Regarding the request for a temporary injunction, "Plaintiffs request the insurance of a . . . temporary injunction . . . [to] maintain the status quo and [to] prevent Defendants acting alone or in concert with its agents, employees, assigns and/or representatives, from foreclosing, selling or attempting to sell the [P]roperty."[49] For the Court to grant the requested injunction, Plaintiff has the burden of establishing: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest."[50] As more fully explained above, none of Plaintiffs' claims survive the Rule 12(b)(6) legal standard. Accordingly, Plaintiffs are unable to establish the first required element for injunctive relief, and thus the Court will not issue an injunction.

---

[48] Dkt. No. 5-1, at p. 6.
[49] Dkt. No. 1-1, at p. 14.
[50] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citation omitted).

### f. Admonishment of Plaintiffs' Counsel

The Court previously addressed Plaintiffs' counsel, Mr. Larry Logan Warner, Sr. concerning the form petition used in many of the preemptive foreclosure lawsuits that are filed in state court by initial counsel, Mr. Juan Angel Guerra, and then subsequently removed to federal court. The Court has noted that these suits lack factual and/or legal support. The only significant difference in the original petition here as compared to the typical form petition this Court reviews, are two paragraphs concerning the consequences of a mortgagee accepting late payments, which is of no consequence when the contractual agreement among the parties contains a non-waiver clause. The Court has also raised its concern about the absence of responses to dispositive motions in these cases. As the Court announced in a prior case involving the same counsel,[51] the Fifth Circuit has ruled that federal district courts may issue sanctions under Texas Rule of Civil Procedure 13 for filings made in Texas courts.[52] Therefore, the Court cautions Plaintiffs' counsel Larry Logan Warner, Sr. about future filings that are subject to this Court's review. Unsupported filings will subject counsel to sanctions, regardless of whether Mr. Warner drafted the original petition or only assumed handling the matter in federal court.

### IV. Holding

For the foregoing reasons, the Court **GRANTS** the motion to dismiss. All of Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE.** A separate final judgment will issue.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of February, 2018.

                                           Micaela Alvarez
                                           United States District Judge

---

[51] *Candanosa v. Ocwen Loan Servicing, LLC*, 7:17-cv-369 (S.D. Tex. Nov. 13, 2017) (Dkt. No. 7, at p. 10).
[52] *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000).