Case 7:18-cv-00001 Document 17 Filed on 02/28/18 in TXSD Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 28, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ORLANDO CRUZ JR., *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 7:18-CV-00001 |
| § | |
| JPMORGAN CHASE BANK, N.A., *et al*, § | |
| § | |
| Defendants. § | |

# ORDER

The Court now considers Orlando and Yvonne Cruz's ("Plaintiffs") motion for leave to amend to abandon all federal claims and to remand,[1] as well as JP Morgan Chase's ("Defendant") response.[2] Plaintiffs' request is **DENIED AS MOOT** because all of Plaintiffs' claims—including their federal claims—were recently dismissed with prejudice.[3] Claims that no longer exist cannot be abandoned. Even so, this Court's jurisdiction is based upon diversity,[4] not federal question.

Similarly, the coordinate request for remand is **DENIED AS MOOT** because there is nothing to remand: all of Plaintiffs' claims have been dismissed with prejudice. Plaintiffs also file a motion for extension of time to file the aforementioned motion for leave to amend to abandon all federal claims and remand.[5] This requested relief is **DENIED AS MOOT** because the aforementioned motion is moot.

Moreover, Plaintiffs request an extension of time to respond to Defendant's dismissal motion.[6] Indeed, Plaintiffs failed to timely respond to the motion. Nevertheless, this request is **DENIED AS MOOT** because the Court has already rule on Defendant's motion. Even so, Plaintiffs have asked for an extension *after* the deadline in question. Federal Rule 6(b) provides that an extension should only be granted in these circumstances if the movant explains why his

---

[1] Dkt. No. 11.
[2] Dkt. No. 16.
[3] Dkt. No. 10.
[4] *See* Dkt. No. 1, p. 2.
[5] Dkt. No. 12 p. 1.
[6] *Id*. pp. 2–3.

neglect was excusable. Here, Plaintiffs' counsel supplies his neglect (*i.e.*, failure to calendar the event),[7] but fails to explain why this neglect was *excusable*. Plaintiffs' counsel also suggests an extension is justified because he may be replaced as attorney in charge.[8] However, Plaintiffs' counsel has not requested substitution, the Court has not granted it, and the prospect of leaving a case is no excuse for being lazy or otherwise careless.

Finally, Plaintiffs "advise" the Court that the parties are in serious settlement negotiations.[9] This advisory is both unbelievable (Defendants have won; why would they settle?) and directly negated by Defendants' response, which indicates the parties are not discussing settlement.[10] For all these reasons, Plaintiffs' requested relief is **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 28th day of February, 2018.

_____
Micaela Alvarez
United States District Judge

---

[7] *Id*. p. 4.
[8] *Id*. p. 2.
[9] *See* Dkt. No. 14.
[10] *See* Dkt. No. 15.